PEOPLE, PLAINTIFF AND APPELLEE, *v.* GABINO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 162 of the Penal Code.

No. 973.—Decided April 25, 1916.

ELECTION LAW—INFORMATION—REGISTRATION—RESIDENCE.—Under section 162 of the Penal Code, an information is sufficient which charges that the defendant wilfully caused his name to be registered in the list of voters of the municipality knowing that he was not entitled to such registration because he had not resided there during the period prescribed by law—that is, for one year next preceding the date of the election.

ID.—REGISTRATION—QUALIFIED VOTERS.—Only those who have a right to vote can register; therefore if a person registers knowing that he has no right to vote, he is guilty of the offense defined by section 162 of the Penal Code. The lists are called electoral lists and it was the intention of the Legislature that only the names of qualified voters should appear therein.

The facts are stated in the opinion.

*Mr. Arturo Aponte, Jr.,* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The *fiscal* of the District Court of Humacao filed an information against José Gabino charging him with the following offense:

"During the month of July, 1914, in Naguabo, which forms part of the Judicial District of Humacao, the said defendant then and there wilfully caused his name to be registered in the list of voters of the said municipality of Naguabo knowing that he was not enti-

tled to such registration because he had not resided there during the period prescribed by law, that is, for one year next preceding November 3, 1914, the date of the election.''

Upon being arraigned the defendant pleaded not guilty and at the trial demurred to the information on the ground that the acts charged therein did not constitute a public offense. The court overruled the demurrer and the defendant then pleaded guilty, whereupon the court rendered judgment sentencing him to pay a fine of fifty dollars or in default of its payment to be imprisoned in jail for ten days. Thereupon the defendant took the present appeal.

In our opinion the information is sufficient. Section 162 of the Penal Code, which is applicable to the case and which was cited by the *fiscal* in the information, provides that ''Every person who wilfully causes, procures, or allows himself to be registered in the registry of voters in any municipality of Porto Rico knowing himself not to be entitled to such registration * * * shall be deemed guilty of a misdemeanor.'' Section 15 of the Act to provide for registration and elections (Comp. Rev. Stat. and Codes of P. R., 1911, p. 173,) provides that ''Every male citizen * * * who shall have resided for one year next preceding the date of election in the municipality where the election is held, shall be entitled to vote in the election precinct where he is registered * * *.'' On November 3, 1914, general elections were held in the Island of Porto Rico and therefore in the municipality of Naguabo.

If the provisions contained in the foregoing paragraph are applicable to the facts set out in the information, no effort is required to arrive at the conclusion that the *fiscal* charged the defendant with an act which plainly constitutes a misdemeanor as provided for and penalized by law.

The case of *The People* v. *Gallardo*, 22 P. R. R. 142, is not applicable. That was a case of double registration which is not penalized by statute, whereas this is a case of a regis-

tration wilfully made by a person who knew that he was not entitled thereto inasmuch as he had not resided in the municipality where he registered for one year immediately preceding the election, as required by the statute to entitle him to vote.

The fact that the act providing for registration and elections speaks of the right *to vote* and not of the right *to register,* is of no importance. Only those who are entitled to vote can register; therefore, if a person registers knowing that he is not entitled to vote, he is guilty of the offense defined by section 162 of the Penal Code. The lists are called *electoral lists* and it was the purpose of the Legislature that only the names of qualified voters should appear therein.

In view of the foregoing, the appeal should be dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.